IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No. 22-CR-10043 |
| ) | |
| ANTHONY ATKINS,   ) | |
| ) | |
| Defendant.   ) | |

## UNITED STATES OF AMERICA'S TRIAL BRIEF

The United States of America provides this brief of procedural history, anticipated evidence, and legal issues that may arise at the trial of this matter.

<u>Procedural History and Status</u>

On October 19, 2022, the United States filed an information charging Defendant Anthony Atkins, an inmate at the Federal Bureau of Prisons, with four misdemeanor counts of public indecency under section 720 ILCS 5/11-30, as assimilated through 18 U.S.C. §§ 7(3) and 13. Docket No. 1, Information. The Court held an initial appearance on November 22, 2022. At a pre-trial conference on December 16, 2022, the Court ordered that the Bureau of Prisons evaluate whether Atkins is competent to stand trial. The BOP submitted a report opining that Atkins is competent. Docket No. 14. At a hearing on March 20, 2023, the Court found Atkins to be competent.

Atkins waived his appearance for the proceedings, including his trial and sentencing under Federal Rule of Criminal Procedure 43(b)(2). Docket No. 16, Waiver of Appearance. Atkins later waived his right to a jury trial, to which the United States

consented. Docket No. 18, Waiver of Jury Trial. The parties also consented to proceed to trial and sentencing before a magistrate judge. Docket No. 20, Consent to Magistrate Judge. The case is scheduled for bench trial before United States Magistrate Judge Jonathan E. Hawley on August 14, 2023, at 1:00 p.m.

<u>Elements of the Charges Against the Defendant</u>

The information alleges four counts of the Illinois offense of public indecency. Count 1 alleges a lewd exposure on January 28, 2022. Count 2 alleges an act of sexual conduct on March 17, 2022. Count 3 alleges a lewd exposure on June 12, 2022. Count 4 alleges an act of sexual conduct on July 1, 2022. These offenses are assimilated through 18 U.S.C. §§ 7(3) and 13, which allow for the federal prosecution of a state offense in certain circumstances. As relevant here:

> **(a)** Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title . . . is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State . . . in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13. The places referenced in 18 U.S.C. § 7 include "lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof." 18 U.S.C. § 7(3).

The Illinois offense of public indecency under 720 ILCS 5/11-30 has three elements, as stated in Illinois Pattern Criminal Jury Instruction 9.04:

1. The defendant performed [ (an act of sexual conduct) (a lewd exposure of the body done with the intent to arouse or satisfy the sexual desire of the person) ]; and

2. The defendant performed the [ (act) (lewd exposure) ] in a place where his conduct might reasonably be expected to be viewed by others; and

3. The defendant was then 17 years of age or older.

*See* Illinois Pattern Criminal Jury Instruction 9.04, *available at* https://www.illinoiscourts.gov/resources/3c0f915f-f935-48c1-bfee-14abe143d330/file. Illinois defines "sexual conduct" at 720 ILCS 5/11-0.1 to mean, as relevant here, "any knowing touching or fondling by the . . . accused, either directly or through clothing, of the sex organs . . . of the . . . accused . . . for the purpose of sexual gratification or arousal of the victim or the accused." *See* Illinois Pattern Criminal Jury Instruction 11.65D, *available at* https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/26c815cd-a14a-4ab0-a234-704512806e8e/CRIM%2011.00.pdf. Illinois law does not define "lewd exposure."

Anticipated Trial Proof

The parties have entered four stipulations. Docket No. 25, Trial Stipulations. They establish that Atkins was housed at the Federal Correctional Institution in Pekin, Illinois, at all relevant times and that FCI Pekin is on land acquired for the use and

under the exclusive jurisdiction of the United States, satisfying the requirements for assimilative jurisdiction under 18 U.S.C. §§ 13 and 7. The parties also stipulate to Atkins's identity and his age of 27 years old at the relevant times.

The United States anticipates calling three witnesses in its case-in-chief.

A.  Jessica Shea

Count 1: Jessica Shea is a case manager at FCI Pekin, and she also works additional shifts as a correctional officer. On January 28, 2022, she was working as a correctional officer in the Special Housing Unit, where Atkins was housed in cell 210. At about 5:15 p.m. that day, Officer Shea went to Atkins's cell to collect laundry. She pulled a laundry bag from the cell's food slot. Atkins was positioned against the food slot with his erect penis exposed to Officer Shea's view. Atkins stroked his erect penis in an up and down motion with his left hand while he stared at Officer Shea. She notified a lieutenant.

Count 2: On March 17, 2022, Atkins was in special housing cell 108. At about 4:45 p.m., Officer Shea went to Atkins's cell to collect his food tray. Atkins was against the cell door, facing the food slot. Officer Shea observed him wearing a prison jump suit, which was open in the front and exposed his t-shirt and underwear. Through the underwear, Officer Shea saw that Atkins's penis was erect. She saw that Atkins's left hand was stroking his erect penis in an up and down motion. While Atkins stroked his erect penis, he stared at Officer Shea.

B.  Taylor Schumm-Lovett

Count 3: Taylor Schumm-Lovett is a registered nurse at FCI Pekin. On June 12, 2022, Atkins was housed in cell 137 in the Special Housing Unit. Nurse Schumm-Lovett distributed medication to inmates housed in cells along the same hallway, or range, as Atkins's cell. After she completed that task, at about 4:07 p.m., Nurse Schumm-Lovett waited near a locked door for a correctional officer to unlock the door and allow her to exit the range. The door was near Atkins's cell. Atkins said to Nurse Schumm-Lovett, "Can I ask you a question?" Nurse Schumm-Lovett replied, "No." She saw Atkins then climb onto the bed in his cell. He had a blanket draped over his head like he was wearing a hood. He exposed his erect penis from his prison jumpsuit. Atkins began stroking his erect penis with his left hand. He asked, "You like that?" Nurse Schumm-Lovett ordered Atkins to stop. Atkins refused and continued stroking his erect penis while standing on the bed. Nurse Schumm-Lovett called for additional staff to assist. Atkins stepped down from the bed when Nurse Schumm-Lovett exited the range.

C.  Dr. Megan Stevens

Count 4: On July 1, 2022, Atkins was in a suicide-watch cell in the Health Services section of FCI Pekin. FCI Pekin employees issued Atkins a safety smock to wear and kept Atkins under constant observation. Dr. Megan Stevens, a psychologist at the prison, arrived at Atkins's cell to assess him to determine whether he should remain in the suicide-watch cell. When she arrived, Atkins was sitting on his bed with the smock draped across his lap. His hands were under the smock. He was not wearing other clothing. Atkins stood up, keeping his hands under the smock at his genital area. He

5

moved his hands in an up and down motion at his genitals, causing the smock to rise and lower at a rapid pace, consistent with Atkins's stroking his penis under the smock. Atkins leered at Dr. Stevens and made a pleased facial expression while he did so. Dr. Stevens ordered Atkins to stop, but he continued. Dr. Stevens left the area and notified a lieutenant.

    D.  Exhibits

The United States will offer a number of exhibits, primarily photographs of interior areas of FCI Pekin. Because further dissemination of the photographs could pose a security risk to the prison, the United States will request that the exhibits depicting the prison be admitted under seal.

Legal Issues

Public indecency requires that the sexual conduct or lewd exposure occur in a public place, defined to mean "any place where the conduct may reasonably be expected to be viewed by others." 720 ILCS 5/11-30(b). Even though a prison and prison cell are not open to the public, they are places where an inmate would reasonably be expected to be viewed by others. The Appellate Court of Illinois has held that an act committed in a prison cell can be a "public place" for the purposes of public indecency. *People v. Giacinti*, 358 N.E.2d 934, 937 (Ill. App. Ct. 1976) (noting that "even a person's home may be considered a public place under some circumstances"). The court further emphasized that all aspects of a prisoner's life are exposed to others' view: "[W]hen imprisoned, the prisoner is deprived of his private life. His entire existence becomes

public, open to the view of other prisoners, as well as prison officials." *Id.* Illinois law, therefore, forecloses any argument that a prisoner cannot commit public indecency in a prison cell because it is not open to the public. Instead, the analysis depends on the factual circumstances and whether it is reasonable to believe another would be able to view the conduct.

## Conclusion

The foregoing is a summary of issues that may arise at trial. Should any further legal issues arise that are not discussed in this brief, the United States would respectfully request leave to submit further briefing as necessary.

Respectfully submitted,

GREGORY K. HARRIS
*United States Attorney*

/s/Keith Hollingshead-Cook
*Assistant United States Attorney*
*Office of the United States Attorney*
*211 Fulton Street, Suite 400*
*Peoria, Illinois 61602*
*(309) 671-7050*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/Keith Hollingshead-Cook
Assistant United States Attorney
